RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/21/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MESHAUN WASHINGTON | DOCKET NO. 1:13-CV-381; SEC. P |
| VERSUS | JUDGE DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* complaint of Plaintiff Meshaun Washington, filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at Winn Correctional Center (WNC) in Winnfield, Louisiana. Plaintiff claims that his due process rights were violated with regard to a disciplinary hearing, and that he was subjected to cruel and unusual punishment by spending six days in segregation. He names as defendants Gary Coleman, Kevin Jordan, and Tim Keith.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on October 8, 2012, he was charged with a Rule 30-W violation of general prohibited behavior for refusing to write a witness statement regarding an incident involving two other inmates. [Doc. #1 p.2] Prior to the disciplinary hearing, the charge was lowered to a Rule 30-V violation of failing to cooperate in an investigation. [Doc. #1, p.3] A disciplinary

hearing was convened on October 24, 2012. [Doc. #1, p.3] However, the hearing officer, Gary Coleman, dismissed the charges against Plaintiff without taking any evidence. [Doc. #1, p.3]

Plaintiff complains that he should have been allowed to present his case despite the charge being dropped. He also complains that being confined in segregation was a violation of his constitutional rights.

### *Law and Analysis*

1. **Due Process**

Plaintiff complains that he was not allowed to present evidence at his disciplinary hearing. However, the charges against him were dropped, so there was no need to present evidence. The right to present documentary evidence and call witnesses is not an absolute requirement of due process in prison disciplinary hearings; rather, it is one of a set of flexible factors that the Supreme Court has identified as characteristic of fair hearings. The Fifth Circuit has held prison hearings to be fair where inmates sought to introduce surveillance video and were not permitted to do so. See Arceneaux v. Pearson, 449 F. App'x 396, 398 (5th Cir. 2011)(unpublished), *citing* Neal v. Casterline, 129 Fed.Appx. 113, 114 (5th Cir. 2005)(holding that the DHO's failure to observe a surveillance video did not violate inmate's due process rights); Clements v. Dobre, 273 F.3d 1107, at *1 (5th Cir. 2001)(unpublished)(holding that prison's failure to produce video

of the incident in question did not violate inmate's due process rights). Likewise, prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals. See Ponte v. Real, 471 U.S. 491, 499 (1985).

In this case, the presentation of evidence was absolutely irrelevant and unnecessary, as the charges against Plaintiff were dropped. No hearing was conducted. Plaintiff's complaint that he was not given his day in court is frivolous.

2. **Segregation**

Plaintiff complains that his six days in administrative segregation were cruel and unusual punishment since the charges against him were dropped. The due process clause only grants prisoners freedom from restraints that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995)). Placement in administrative segregation does not, without more, constitute a deprivation of a constitutionally cognizable liberty interest. Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995)(citing Sandin v. Conner, 515 U.S. 472 (1995)). The Fifth Circuit has held that, as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. See Orellana v. Kyle, 65 F.3d 29,

31-32 (5th Cir. 1995). Liberty interests that are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, supra. Plaintiff in the instant case does not allege that his confinement in segregation was atypical of the prison environment. To the contrary, Plaintiff's allegations concern the placement in administrative segregation which is far from "extraordinary." This Court finds that under Sandin and Orellana, the placement in administrative segregation for six days does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Additionally, Plaintiff has not alleged an Eighth Amendment violation with regard to his confinement in segregation. Although the constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Id. at 347. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff has presented no allegations of inhumane conditions in segregation.

3.  Injury

The Prison Litigation Reform Act states in pertinent part that no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. <u>See</u> 42 U.S.C.A. § 1997e(e). The Fifth Circuit has equated §1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis*, but not necessarily significant. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). In the case *sub judice*, Plaintiff has not alleged any physical injury whatsoever.

*Conclusion*

In sum, Plaintiff complains that the disciplinary charges against him were dropped, resulting in Plaintiff being deprived of a hearing. His due process claim is frivolous because the charges were dismissed; his Eighth Amendment claim is frivolous because he has alleged no cruel or unusual conditions in segregation; and, his case is frivolous because he seeks monetary damages for an alleged emotional injury. **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days**

from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 21st day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE